**Samuel W. SWOOPES, Petitioner–Appellant,**

v.

**Sam SUBLETT; Grant Woods, Attorney General, Respondents–Appellees.**

**No. 94–16033.**

United States Court of Appeals, Ninth Circuit.

Nov. 2, 1999.

Javier Chon–Lopez, Assistant Federal Public Defender, Tucson, Arizona, for the petitioner.

Eric J. Olsson, Assistant Attorney General, Tucson, Arizona, for the respondents.

Before: HUG, Chief Judge, FERNANDEZ and THOMAS, Circuit Judges.

PER CURIAM:

We consider this appeal on remand from the Supreme Court for further consideration in light of *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999), decided after issuance of our prior decision in this case. After reconsideration, we conclude that Arizona state prisoners need not appeal an Arizona Court of Appeals' denial of post-conviction relief to the Arizona Supreme Court in order to exhaust their state remedies for federal habeas corpus purposes, except in capital cases or cases involving the imposition of a life sentence.

I

Samuel Swoopes, an Arizona state prisoner, appealed the district court's denial of his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] The district

---

1. Swoopes was convicted of three counts of armed robbery, three counts of kidnaping, one count of first-degree burglary, one count of sexual assault, and one count of aggravated

court concluded that all but one of Swoopes's claims were procedurally barred because Swoopes had not exhausted his state remedies and Arizona state procedural rules precluded further state remedies for the unexhausted claims. A variety of exhaustion infirmities were identified by the district court:

> Claims two and five were raised in Swoopes's Rule 32 petition, but not appealed to the Arizona Supreme Court; claims three and four were raised in Swoopes's supplemental opening brief in the Arizona Supreme Court, but not urged before the Arizona Court of Appeals as required. Claim six was not advanced either on direct appeal or by way of collateral attack.

The district court also concluded that Swoopes had no available state remedy for any of his unexhausted claims. Accordingly, the court held that all of Swoopes's unexhausted claims were procedurally barred under Arizona law and any attempt to exhaust the claims would be futile. The district court then rejected the remaining claim, unduly suggestive pre-trial identification procedures, on the merits.

We affirmed the district court in all respects in an unpublished memorandum disposition. *See Swoopes v. Sublett*, No. 94–16033, 1998 WL 657711 (9th Cir. Sept. 3, 1998). The United States Supreme Court granted Swoopes' petition for certiorari, vacated the judgment, and remanded the case to us for further consideration in light of *O'Sullivan*. *See Swoopes v. Sublett*, —— U.S. ——, 119 S.Ct. 2335, 144 L.Ed.2d 233 (1999).

## II

The primary question raised as we apply *O'Sullivan* to this appeal is whether an Arizona state prisoner is required to seek discretionary post-conviction review with the Arizona Supreme Court in order to exhaust state remedies for purposes of federal habeas. Under the Arizona Constitution, a criminal defendant has "the right to appeal in all cases." Ariz. Const., art. 2, § 24. By Arizona statute, that right is generally limited to appeal to the Arizona Court of Appeals; there is no right of appeal to the Arizona Supreme Court except in capital cases or when a life sentence is imposed. *See* Ariz.Rev.Stat. §§ 12–120.21(A)(1); 12–120.24; 13–4031; *see also* Ariz. R. Crim P. 31. Rather, except in life sentence or capital cases, the Arizona Supreme Court is vested with discretion as to whether a request for appellate review will be entertained. *See* Ariz. Rev.Stat. § 12–120.24.

In *O'Sullivan*, the Supreme Court held that, in order to satisfy the exhaustion requirement for federal habeas relief, state prisoners must file for discretionary review in a state supreme court when that review is part of ordinary appellate review. *See* 526 U.S. at ——, 119 S.Ct. at 1733. However, in doing so, the Court also acknowledged an exception to the exhaustion requirement relating to "any specific state remedy when a State has provided that that remedy is unavailable." *Id.* at ——, 119 S.Ct. at 1734. In setting forth this exception, the Court was clear that "the creation of a discretionary review system does not, *without more*, make review" in a state supreme court "unavailable." *Id.* (emphasis added). In a concurring opinion, Justice Souter construed this to mean a discretionary procedure that a

> state court has occasionally employed to provide relief, so long as the state has identified the procedure as outside the standard review process and has plainly

---

robbery. Certain eyewitness identification testimony formed virtually the entire basis for Swoopes's conviction. In his federal habeas petition Swoopes raised six issues: the eyewitness in-court identifications were tainted by improper pretrial identification procedures; the use of false and perjured grand jury testimony; introduction of evidence regarding the place of initial witness identification amounting to improper bad act evidence; prosecutorial misconduct; ineffective assistance of counsel at trial, on direct appeal, and at his state post conviction hearing; and violation of the Double Jeopardy Clause.

said that it need not be sought for the purpose of exhaustion.

*Id.* at ——, 119 S.Ct. at 1735.

Although review before the Arizona Supreme Court is discretionary, it is "available" under *O'Sullivan;* thus, at least facially, Arizona prisoners are not relieved of their duty to file an appeal with that court. However, the question is whether Arizona has identified discretionary Supreme Court review "as outside the standard review process and has plainly said that it need not be sought for the purpose of exhaustion." *Id.* It plainly has.

In *State v. Shattuck,* 140 Ariz. 582, 684 P.2d 154 (Ariz.1984) the Arizona Supreme Court stated that "[i]n cases other than those carrying a life sentence or the death penalty, a decision by the court of appeals ... exhausts a defendant's right of appeal in this jurisdiction." *Id.* at 157. While *Shattuck* did not address the exhaustion of state postconviction relief for purposes of later filing a federal habeas petition, its reasoning was later applied to just that situation.

In *State v. Sandon,* 161 Ariz. 157, 777 P.2d 220 (Ariz.1989), the Arizona Supreme Court was confronted with several prisoner's petitions for state post-conviction relief after a federal district court had dismissed their federal habeas petitions for failure to exhaust state remedies. In response to this, the Arizona Supreme Court again reiterated that it is a court of discretionary review and imported the reasoning of *Shattuck* by holding that " '[o]nce the defendant has been given the appeal to which he has a right, state remedies have been exhausted.' " *State v. Sandon,* 777 P.2d at 221 (quoting *State v. Shattuck,* 140 Ariz. 582, 684 P.2d 154, 157 (Ariz.1984)).

In *Moreno v. Gonzalez,* 192 Ariz. 131, 962 P.2d 205 (Ariz.1998), the Arizona Supreme Court considered certified questions from us, and reiterated that a petition for review from the Arizona Court of Appeals is not part of a defendant's right to appeal. *Id.* at 207–08.

In sum, the Arizona Supreme Court has announced that, in cases not carrying a life sentence or the death penalty, review need not be sought before the Arizona Supreme Court in order to exhaust state remedies. Thus, post-conviction review before the Arizona Supreme Court is a remedy that is "unavailable" within the meaning of *O'Sullivan.*[2]

*O'Sulllivan* requires that before a state prisoner files a federal habeas petition, he or she must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." 526 U.S. at ——, 119 S.Ct. at 1732. Arizona has declared that its "complete round" does not include discretionary review before the Arizona Supreme Court. *See Moreno,* 962 P.2d at 207–08.

Recognizing that "each state is entitled to formulate its own system of post-conviction relief, and ought to be able to administer that system free of federal interference," *see Nino v. Galaza,* 183 F.3d 1003, 1007 (9th Cir.1999), we must credit Arizona's choice. Thus, except in habeas petitions in life-sentence or capital cases, claims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them.

### III

This is not the first occasion we have visited the question of proper exhaustion of Arizona state remedies. Despite the Arizona Supreme Court's disclaimers in *Shattuck* and *Sandon,* we have previously

---

**2.** We are not unmindful that the Supreme Court cited *Sandon* for the proposition that some state courts "do not wish to have the opportunity to review constitutional claims before those claims are presented to a federal habeas court." *O'Sullivan,* 526 U.S. at —— –

——, 119 S.Ct. at 1734–35. The State argues that this statement was in dictum and that the Supreme Court was "utterly wrong about Arizona law." However, a careful review of *Sandon* and *Shattuck* support the Supreme Court's view.

held that the exhaustion doctrine is a matter of federal law and that a state prisoner was required to seek discretionary review before the Arizona Supreme court to exhaust state remedies. *See Jennison v. Goldsmith,* 940 F.2d 1308, 1310 (9th Cir. 1991) ("The Arizona Supreme Court has confused review as of right under state law with 'the right under the law of the state to raise' an issue within the meaning of the federal habeas statute"); *see also Harmon v. Ryan,* 959 F.2d 1457, 1460 (9th Cir. 1992).

Ironically, that philosophy is the primary thrust of *O'Sullivan,* which requires exhaustion of all discretionary avenues of state relief as a prerequisite for filing a federal habeas corpus petition. *See* 526 U.S. at ——, 119 S.Ct. at 1734. Thus, to the extent that *Jennison* announced that the creation of a state discretionary review system does not itself make a remedy unavailable under federal habeas law, it is fully in accord with *O'Sullivan.*

However, *O'Sullivan* recast the manner by which we must ascertain whether state appellate procedures are "available" for exhaustion purposes. The import of *O'Sullivan* is that exhaustion is not required when a state declares which remedies are "available" for exhaustion. Arizona has done so. Therefore, *O'Sullivan* implicitly overruled that portion of *Jennison* that rejected *Shattuck* and *Sandon,* and held that Arizona state prisoners must seek review by the Arizona Supreme Court to exhaust state remedies for purposes of federal habeas.

### IV

Because Swoopes was not required to file a petition for review before the Arizona Supreme Court to exhaust his claims for federal habeas purposes, we must reverse the judgment of the district court and remand for further proceedings. On remand, the district will determine which claims were properly exhausted, and not procedurally barred, and issue a decision on the merits of those claims.

**REVERSED AND REMANDED**