**Armando Roberto AROS, Petitioner— Appellant,**

v.

**Terry STEWART, Director, Respondent–Appellee.**

No. 01–15795.

D.C. No. CV–97–856–PHX–RGS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 14, 2002.

Decided April 8, 2002.

Before HUG and TASHIMA, Circuit Judges, and SEDWICK, District Judge.*

MEMORANDUM **

Armando Roberto Aros ("Aros") appeals the district court's denial of his petition for writ of habeas corpus filed under 28 U.S.C. § 2254. We have jurisdiction, 28 U.S.C. § 2253, review the district court's denial *de novo, see Alvarado v. Hill,* 252 F.3d 1066, 1068 (9th Cir.2001), and affirm.

The parties are familiar with the facts. We summarize only those most pertinent to our analysis. Aros was charged in state court with aggravated assault. While in pre-trial custody, Aros' cellmate urged him to get rid of the victim and offered to put Aros in touch with people who could help. He gave Aros a phone number for "Jake," who was supposedly a "hit man." In fact, "Jake" was an undercover police officer. Aros contacted "Jake" and finalized plans to have the victim killed. He was charged with conspiracy to commit murder. Both charges were consolidated for trial. A jury acquitted Aros of assault, but convict-

---

\* The Honorable John W. Sedwick, United States District Judge for the District of Alaska, sitting by designation.

\** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

ed him of conspiracy. After failing to secure relief in state court, Aros filed the present petition which the district court denied. Aros raises three claims: (1) ineffective assistance of counsel; (2) prosecutorial misconduct; and (3) constitutionality of the charging statute.

In shotgun fashion, Aros alleges thirty instances where he contends trial counsel was constitutionally ineffective. His primary contention is that trial counsel was ineffective for failing to raise an entrapment defense. Aros' reliance on entrapment is flawed because his cellmate was not acting at police direction. Consequently, Aros would have been unable to raise a viable entrapment defense. Even overlooking this problem, Aros' arguments fail. To rely on entrapment, Aros would have to have admitted the elements of the crime. *See* Ariz.Rev.Stat. Ann. § 13–206(A) (West 2001). Such an admission would have been contrary to Aros' case theory. Aros first denied that he conspired to commit murder, contending instead that he only conspired to have the victim kidnapped. Aros subsequently argued that he had renounced the alleged conspiracy. Both arguments are at odds with stipulating to the elements. Moreover, had Aros pursued his entrapment theory, he would have needed to establish by clear and convincing evidence that he was not pre-disposed to commit the crime. *See* Ariz.Rev.Stat. Ann. § 13–206(B)(3) (West 2001). Aros' trial testimony demonstrated otherwise.

Aros' counsel contended at oral argument that Arizona recognizes two forms of entrapment, statutory entrapment and entrapment as a matter of law, and that a defendant's predisposition is not an element of the latter. However, Arizona case law does not support this argument. *See State v. Rocha–Rocha,* 188 Ariz. 292, 295–96, 935 P.2d 870, 873–74 (App.1997) (en-

trapment as a matter of law "exists where uncontradicted testimony demonstrates that through the creative activity of the police, the state induces an otherwise innocent person to commit a criminal act," and "does not lie when the police 'merely afforded an opportunity for a predisposed person to commit a crime.'"). The record does not support Aros' argument that he was an otherwise innocent person who was induced to commit a criminal act by the police.

With respect to the remaining allegations of ineffective assistance, we have independently reviewed the record and conclude that the district court correctly determined that Aros either failed to establish that his trial counsel's performance was deficient or that Aros suffered prejudice as a result of the alleged errors. *See Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Accordingly, Aros is not entitled to relief based on his ineffective assistance of counsel claim.

Aros' prosecutorial misconduct claim fails because he has not established that any misconduct was committed. Prosecutorial misconduct may provide grounds for relief if the misconduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Donnelly v. DeChristoforo,* 416 U.S. 637, 643, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974). Aros' contention is that the prosecutor withheld evidence that his cellmate received special benefits for reporting Aros' criminal plans to the police. However, the record does not support Aros. At most, the evidence establishes that the cellmate received some benefit for cooperating with police in an unrelated case. Moreover, the fact that the cellmate was providing police with information, and doing so for the purpose of possibly securing favorable treatment

from the police or prosecutors, was not withheld. Instead, the jury heard testimony concerning these allegations at trial.

Finally, Aros' contention that the state conspiracy statute under which he was convicted violates the federal constitution was not raised in the state courts, and is therefore barred. *See Swoopes v. Sublett,* 196 F.3d 1008, 1009–10 (9th Cir.1999), *cert. denied,* 529 U.S. 1124, 120 S.Ct. 1996, 146 L.Ed.2d 820 (2000).

AFFIRMED.