Charles FORDJOUR, Petitioner–
Appellant,

v.

Terry L. STEWART, et al.,
Respondents–Appellees.

No. 00–16326.

D.C. No. CV–00–00895–ROS.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 12, 2002.*

Decided Aug. 15, 2002.

Before SCHROEDER, Chief Judge,
TASHIMA and RAWLINSON, Circuit
Judges.

MEMORANDUM **

Charles Fordjour appeals the district court's order dismissing without prejudice his habeas corpus petition under 28 U.S.C. § 2254 as unexhausted. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal of Fordjour's habeas petition, *see Patterson v. Stewart,* 251 F.3d 1243, 1245 (9th Cir.), *cert. denied,* —— U.S. ——, 122 S.Ct. 406, 151 L.Ed.2d 308 (2001), and we affirm.

Fordjour argues that he exhausted his state remedies by presenting his federal habeas claims to the Arizona Court of Appeals. *See Swoopes v. Sublett,* 196 F.3d 1008, 1010 (9th Cir.1999) (ruling federal habeas petitioners with no available state remedies had exhausted their claims for purposes of federal habeas review upon presentment to the Arizona Court of Appeals). Fordjour asserts the district court erred in ruling that his § 2254 petition was premature due to his pending petition for review with the Arizona Supreme Court.

Section 2254 provides that a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State ... if he has the right under the law of the State to raise, by any available procedure, the question[s] presented." 28 U.S.C. § 2254(c); *see also*

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*O'Sullivan v. Boerckel,* 526 U.S. 838, 844, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999).

Unlike the appellant in *Swoopes,* Fordjour still had state remedies available. *See Swoopes,* 196 F.3d at 1009. Specifically, Fordjour's pending petition for review with the Arizona Supreme Court could have resulted in the reversal of his conviction on some other ground, thereby mooting any federal questions. *See Sherwood v. Tomkins,* 716 F.2d 632, 634 (9th Cir. 1983).

Accordingly, Fordjour's federal habeas petition was clearly premature, thus it was properly dismissed without prejudice by the district court for failure to exhaust state remedies.

**AFFIRMED.**\*\*\*

---

\*\*\* All outstanding motions are denied as moot.

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.