Ronald Darnell WORDLAW, Petitioner–Appellant,

v.

Terry L. STEWART, Respondent–Appellee.

No. 01–17396.

D.C. No. CV–01–00612–PGR.

United States Court of Appeals, Ninth Circuit.

Submitted June 9, 2003.*

Decided June 16, 2003.

Before RYMER, THOMAS and SILVERMAN, Circuit Judges.

MEMORANDUM **

Ronald Darnell Wordlaw appeals the district court's denial of his 28 U.S.C. § 2254 petition as unexhausted and proce-

durally barred. Wordlaw seeks to challenge his Arizona conviction and six-year sentence for one count of fraudulent schemes and one count of forgery. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

We granted a certificate of appealability on the issue of whether the district court properly denied Wordlaw's § 2254 petition as unexhausted and procedurally barred. Reviewing the district court's decision de novo, *Greene v. Lambert*, 288 F.3d 1081, 1086 (9th Cir.2002), we conclude that it was proper.

Petitioners must exhaust their federal claims before seeking § 2254 habeas relief. 28 U.S.C. § 2254(b)(1)(A). Because Wordlaw never presented his attorney conflict of interest claim to any of Arizona's state courts, and did not present his extradition claim to the Arizona Court of Appeals, he has failed to exhaust his claims. *See Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir.1999) (per curiam). Wordlaw has procedurally defaulted those claims because he is now time-barred from presenting them in state court. *See* Ariz. R.Crim. P. 32.1 and 32.2; *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir.2002), *cert. denied*, —— U.S. ——, 123 S.Ct. 2073, 155 L.Ed.2d 1098 (2003).

Wordlaw has failed to show cause and prejudice for his failure, nor has he demonstrated a fundamental miscarriage of justice in order to overcome his procedural default. *See Beaty*, 303 F.3d at 987. Accordingly, the district court properly denied his § 2254 petition as unexhausted and procedurally barred. *See* § 2254(b)(1)(A).

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the

AFFIRMED.[1]

1. Counsel's motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) is construed as a standard motion to withdraw. *See Ellis v. Armenakis*, 222 F.3d 627, 632–33 (9th Cir. 2000) (stating that *Anders* procedure does not apply to post-conviction appeals). So construed, the motion is granted.

