**Robert Joseph BENGE, Petitioner— Appellant,**

v.

**Dora B. SHRIRO,\* Director, et al., Respondent—Appellee.**

No. 03–16338.

D.C. No. CV–02–00275–WDB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 13, 2004.

Decided April 23, 2004.

Robert Joseph Benge, Phoenix, AZ, pro se.

Natman Schaye, Schaye & Associates, Tucson, AZ, for Petitioner–Appellant.

---

\* Dora B. Schriro is substituted for her predecessor, Terry L. Stewart as Director, Arizona Department of Corrections. Fed.R.Civ.P. 25(d)(1).

588

Diane M. Acosta, Office of the Arizona, Attorney General, Phoenix, AZ, for Respondent–Appellee.

Before FERGUSON, REINHARDT, and PAEZ, Circuit Judges.

MEMORANDUM**

Robert Joseph Benge appeals from the district court's denial of his petition for writ of habeas corpus. We conclude that Benge is not entitled to relief under 28 U.S.C. § 2254.

First, Benge contends that the thirteen-month delay between his indictment and the start of his trial violated his Sixth Amendment right to a speedy trial. The district court correctly determined that Benge exhausted his state remedies by fairly presenting this claim to the Arizona courts. *Baldwin v. Reese,* —— U.S. ——, 124 S.Ct. 1347, 1351, 158 L.Ed.2d 64 (2004); *Swoopes v. Sublett,* 196 F.3d 1008, 1008–10 (9th Cir.1999).

 As to the merits, we affirm the district court's conclusion that the Arizona Court of Appeals' failure to find a speedy trial violation was neither contrary to, nor an unreasonable application of, clearly-established federal law; nor did it result from an unreasonable determination of the facts in light of the evidence presented. Applying the balancing analysis set forth by the Supreme Court in *Barker v. Wingo,* 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), we conclude that neither the length of the delay nor the reasons for it weigh heavily in Benge's favor. Moreover, Benge's defense was not hampered by the delay, and he did not suffer any other form of prejudice that rises to the level of a Sixth Amendment violation. *Cf. Doggett v. United States,* 505 U.S. 647, 651, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992).

 Second, Benge contends that the Arizona trial court violated his constitutional right to privacy as guaranteed by the due process clause of the Fourteenth Amendment when it admitted certain medical records into evidence. The district court denied relief on the merits. We affirm on different grounds.

The district court found that Benge fairly presented this claim because it was sufficiently similar to the alleged violation of the Arizona physician-patient privilege that Benge unsuccessfully raised in the state courts. However, the Supreme Court has held that "mere similarity of claims is insufficient to exhaust." *Duncan v. Henry,* 513 U.S. 364, 366, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995). Benge otherwise failed to provide the state courts a fair opportunity to resolve this issue. *Baldwin,* 124 S.Ct. at 1351.

Because no further remedies are available in state court under Arizona Rules of Criminal Procedure 32.2 and 32.4, Benge has procedurally defaulted this claim. *Gray v. Netherland,* 518 U.S. 152, 162, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996). Moreover, Benge failed to meet his burden of demonstrating cause for his procedural default or that the failure to consider it would result in a fundamental miscarriage of justice. *Wells v. Maass,* 28 F.3d 1005, 1008 (9th Cir.1994). Therefore, the claim is foreclosed on habeas review.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.