**Jeffrey Noem VETA, Petitioner—Appellant,**

v.

**Clarence DUPNIK, Respondent—Appellee.**

No. 03–15214.

D.C. No. CV–02–00378–CKJ.

United States Court of Appeals, Ninth Circuit.

Submitted May 10, 2004.*

Decided May 24, 2004.

Jeffrey Noem Veta, Tucson, AZ, pro se.

Sean Holguin, Kenneth J. Peasley, Tucson, AZ, for Respondent–Appellee.

Before B. FLETCHER, TROTT and FISHER, Circuit Judges.

## MEMORANDUM **

While a state pretrial detainee in Arizona, Jeffrey Noem Veta filed a habeas petition pursuant to 28 U.S.C. § 2241, seeking the dismissal of the state indictment against him. Veta alleged that his Sixth Amendment rights to a speedy trial and to counsel, his rights under the Interstate Agreement on Detainers Act and his right to due process were violated when he was not brought to trial within 120 days of his extradition from federal custody in February 2002. The district court denied Veta's petition without prejudice on November 21, 2002.

Veta appealed to this court. On March 8, 2004, Veta filed a motion seeking expedited disposition of his federal appeal and a stay of the state court proceedings. We denied the motion on March 12, 2004. Veta's state trial subsequently began, and the jury returned a guilty verdict on four

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

counts of the state indictment on May 3, 2004.

State habeas petitions are subject to an exhaustion requirement, either a prudential one under 28 U.S.C. § 2241 or a statutory one under 28 U.S.C. § 2254(b). *See Castro–Cortez v. INS,* 239 F.3d 1037, 1047 (9th Cir.2001). The district court did not decide whether Veta had exhausted his state remedies, concluding instead that principles of comity required that Veta's petition be dismissed because he sought release from state custody rather than an immediate trial. *See Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 489, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973) ("[F]ederal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." (citation omitted)); *Carden v. Montana,* 626 F.2d 82, 83–85 (9th Cir.1980) (explaining that for reasons of comity, a pretrial detainee must show special circumstances, in addition to the merits of a speedy trial claim, warranting federal intervention in state criminal proceedings).

In order to exhaust in Arizona, a convicted petitioner must first raise the claim in a direct appeal or collaterally attack his conviction in a petition for post-conviction relief. *See Swoopes v. Sublett,* 196 F.3d 1008, 1010 (9th Cir.1999); *see also* Ariz. R.Crim. P. 31.1–31.27 (providing for direct appeal after the entry of judgment and sentence); Ariz. R.Crim. P. 32.1–32.10 (providing for post-conviction relief). In light of Veta's recent conviction in state court, we conclude that he must pursue this usual route of exhaustion. Because he has not yet done so, we affirm the district court's dismissal without prejudice to his habeas petition.

Thus, like the district court, "we are neither rejecting the merits of [Veta's fed-eral claims] nor totally denying [him] a federal forum to assert [them]." *Carden,* 626 F.2d at 85. Unlike the district court, we rely on the exhaustion requirement rather than the abstention doctrine set forth in *Braden* and *Carden.* We do not, therefore, reach Veta's argument that abstention under *Braden* and *Carden* would be inappropriate in light of our court's recent decision in *McNeely v. Blanas,* 336 F.3d 822, 832 (9th Cir.2003) (ordering the release of a pretrial detainee held five years without a preliminary hearing or trial on the basis of his speedy trial claims, without addressing comity issues).

AFFIRMED.