**Mark L. MITCHAM, Petitioner–Appellant,**

v.

**Terry L. STEWART, Respondent–Appellee.**

No. 03–15672.

United States Court of Appeals, Ninth Circuit.

Submitted July 14, 2004.*

Decided July 26, 2004.

Mark L. Mitcham, Florence, AZ, pro se.

Florence M. Bruemmer, Esq., Anders V. Rosenquist, Jr., Esq., Rosenquist & Associates, Phoenix, AZ, for Petitioner–Appellant.

Katia Mehu, Office of the Attorney General, Phoenix, AZ, for Respondent–Appellee.

Before: FERNANDEZ, PAEZ, and CLIFTON, Circuit Judges.

## MEMORANDUM **

Mark L. Mitcham, an Arizona state prisoner, appeals the district court's denial of

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

his habeas corpus petition, which challenges his conviction and sentence for child molestation and sexual conduct with a minor. *See* 28 U.S.C. § 2254. We affirm.

Mitcham contends that his rights under the Fourteenth Amendment to the United States Constitution were violated because a witness' testimony amounted to prosecutorial misconduct that denied him due process. *See Darden v. Wainwright,* 477 U.S. 168, 181, 106 S.Ct. 2464, 2471, 91 L.Ed.2d 144 (1986); *Donnelly v. DeChristoforo,* 416 U.S. 637, 642–43, 94 S.Ct. 1868, 1871, 40 L.Ed.2d 431 (1974); *Drayden v. White,* 232 F.3d 704, 713 (9th Cir.2000).

However, Mitcham procedurally defaulted on that claim because he never exhausted his due process argument before the Arizona Court of Appeals, as he was required to do. *See* 28 U.S.C. § 2254(b)(1); *Baldwin v. Reese,* —— U.S. ——, ——, 124 S.Ct. 1347, 1349, 158 L.Ed.2d 64 (2004); *Swoopes v. Sublett,* 196 F.3d 1008, 1010 (9th Cir.1999). While Mitcham did present the state court with the facts underlying his federal due process claim, his filings before that tribunal failed to indicate that he was seeking relief under the specific federal constitutional guarantee he now asserts before us. That is fatal. We are unable to consider his claim. *See Baldwin,* —— U.S. at ——, 124 S.Ct. at 1351; *Castillo v. McFadden,* 370 F.3d 882, 886–87 (9th Cir.2004); *Kelly v. Small,* 315 F.3d 1063, 1066 (9th Cir.2003); *Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir.1999).

AFFIRMED.