**Artis Manuel HAGGINS, Petitioner— Appellant,**

v.

**M. YARBOROUGH, Respondent— Appellee.**

No. 04–56731.

D.C. No. CV–03–00248–AHS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 16, 2006.

Decided Feb. 27, 2006.

Steven S. Lubliner, Law Offices of Steven S. Lubliner, Petaluma, CA, for Petitioner–Appellant.

Artis Manuel Haggins, Lancaster, CA, pro se.

Charles C. Ragland, Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

Before GOODWIN, B. FLETCHER, and CALLAHAN, Circuit Judges.

## MEMORANDUM [*]

California state prisoner Artis Manuel Haggins appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his convictions for voluntary manslaughter and vehicle theft. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Haggins presents three claims on appeal. First, he argues that the district court erred in concluding that his claim of trial court error for failing to instruct the jury on involuntary manslaughter was procedurally defaulted. Haggins did not timely file a petition for review with the California Supreme Court as required by Rule 28(e), formerly Rule 28(b), of the California Rules of Court. Former Rule 28(b) is an adequate and independent state procedural ground barring federal review. *Forrest v. Vasquez,* 75 F.3d 562, 564 (9th Cir.1996).

Haggins urges this court to hold that discretionary review of claims appropriate for federal habeas relief is effectively unavailable in California. He urges this court to read Rule 33.3 of the California Rules of Court, effective January 1, 2004, to imply that he should not have had to file a petition two years earlier. We decline to adopt this interpretation. He also urges this court to hold that a California inmate exhausts state court remedies once he appeals to the state court of appeals. In *Swoopes v. Sublett,* 196 F.3d 1008 (9th Cir.1999), this court held that claims of Arizona inmates are exhausted for purposes of federal habeas once the state court of appeals rules because the Arizona Supreme Court had previously ruled that a defendant exhausts his state court reme-

dies once he appeals to the state court of appeals. *Id.* at 1010. Because California has not taken this position, we decline to extend *Swoopes* here.

In the alternative, Haggins urges this court to hold that a state prisoner need not file a petition with the California Supreme Court because the court could grant review *sua sponte.* Because a state prisoner must "fairly present" his claim in each appropriate state court before he may seek federal habeas relief, this argument fails. *Baldwin v. Reese,* 541 U.S. 27, 29, 124 S.Ct. 1347, 158 L.Ed.2d 64 (2004).

Second, Haggins argues that the California Supreme Court's citation to *In re Dixon,* 41 Cal.2d 756, 264 P.2d 513 (1953), in denying his habeas petition did not invoke an independent and adequate state procedural bar that precludes federal review of the alleged involuntary manslaughter jury instruction error. Because the state pled the existence of the *Dixon* rule as an independent and adequate state procedural ground, Haggins had the burden of placing that affirmative defense in issue. *Bennett v. Mueller,* 322 F.3d 573, 586 (9th Cir. 2003); *see also High v. Ignacio,* 408 F.3d 585, 589 (9th Cir.2005). He failed to satisfy this burden.

Third, Haggins argues that the district court violated his due process rights by failing to instruct the jury on voluntary intoxication. AEDPA applies to this case, and Haggins argues that the California Court of Appeals decision denying his appeal was based on an unreasonable determination of the facts regarding the actual effect that drinking alcohol had on him. He does not cite any evidence presented at trial regarding the actual effect that drink-

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

ing had on him, and he has failed to rebut by clear and convincing evidence the presumption that the state court determination regarding his level of intoxication is correct. *See* 28 U.S.C. § 2254(e)(1).

The district court's decision is AFFIRMED.