**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JAN 31 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ISMAEL ANTONIO MURPHY-RICHARDSON,<br><br>               Petitioner-Appellant,<br><br> v.<br><br>ATTORNEY GENERAL FOR THE STATE OF ARIZONA; DAVID SHINN, Director,<br><br>               Respondents-Appellees,<br><br> and<br><br>MARICOPA COUNTY SUPERIOR COURT,<br><br>               Respondent. | No.  22-15001<br><br>D.C. No. 2:21-cv-00954-ROS<br><br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, District Judge, Presiding

Argued and Submitted November 9, 2023
Phoenix, Arizona

Before: SCHROEDER, COLLINS, and DESAI, Circuit Judges.
Dissent by Judge COLLINS.

Appellant Ismael Murphy-Richardson appeals the district court's dismissal of

---

     *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

his petition for habeas corpus. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. We review a district court's dismissal of a habeas petition de novo. *Runningeagle v. Ryan*, 825 F.3d 970, 978 (9th Cir. 2016). We affirm in part and reverse and remand in part.

1.     Mr. Murphy-Richardson's ineffective assistance of counsel claim is procedurally barred in part and unexhausted in part. Mr. Murphy-Richardson alleges ineffective assistance of counsel by two trial lawyers. His claim regarding his first attorney was not raised in his post-conviction petitions and is thus unexhausted. *See Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999) ("[E]xcept in habeas petitions in life-sentence or capital cases, claims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them."). Because Mr. Murphy-Richardson was able to raise the claim in his post-conviction proceedings but failed to do so, he is barred from returning to state court to exhaust his claim. *See* Ariz. R. Crim. P. 33.2(a)(3) (precluding post-conviction relief for any ground "waived in any previous post-conviction proceeding").

Mr. Murphy-Richardson's claim regarding his second trial attorney is unexhausted because it was raised in a post-conviction petition that appears to be pending before the superior court. *Schnepp v. Oregon*, 333 F.2d 288, 288 (9th Cir. 1964) (per curiam) (holding that the exhaustion requirement is not satisfied if a post-

conviction petition is pending in state court); *see Henderson v. Johnson*, 710 F.3d 872, 874 (9th Cir. 2013) ("[A] district court may not adjudicate a federal habeas petition while a petitioner's direct state appeal is pending."). The dissent applies general principles of procedural default to conclude that Mr. Murphy-Richardson's claim is procedurally barred under state law. But there is no authority for extending general principles of procedural default to a case where a post-conviction petition is pending in state court. In fact, doing so would violate the principles of comity that our exhaustion doctrine is designed to promote. *See Rose v. Lundy*, 455 U.S. 509, 515–16 (1982) ("[C]omity was the basis for the exhaustion doctrine: 'it is a principle controlling all habeas corpus petitions to the federal courts, that those courts will interfere with the administration of justice in the state courts only in rare cases where exceptional circumstances of peculiar urgency are shown to exist.'" (quoting *Ex parte Hawk*, 321 U.S. 114, 117 (1944))). In any event, the government concedes that a remand for dismissal without prejudice is appropriate given the parties' disagreement about the status of the post-conviction petition.

Mr. Murphy-Richardson is not entitled to a *Rhines* stay because he has not established good cause for his failure to exhaust. *See Wooten v. Kirkland*, 540 F.3d 1019, 1023 (9th Cir. 2008) ("[S]tay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." (quoting *Rhines v. Weber*, 544 U.S. 269, 277 (2005))).

The government agrees, however, that if Mr. Murphy-Richardson's February 2021 post-conviction petition was not a successive petition, the statute of limitations for his habeas petition will toll while he exhausts his claim in state court.

2.   Mr. Murphy-Richardson's insufficiency of the evidence claim is procedurally barred. Although he raised the claim in a post-conviction petition in state court, he did not timely appeal. Mr. Murphy-Richardson thus failed to exhaust all his state court remedies. *See Swoopes*, 196 F.3d at 1010. Because the sufficiency of the evidence could have been raised in a prior petition, Mr. Murphy-Richardson is precluded from raising the claim again in a successive petition, and the claim is procedurally barred. *See* Ariz. R. Crim. P. 33.2(a)(3).

We therefore affirm in part, reverse in part, and remand for the district court to dismiss the petition without prejudice.

**AFFIRMED in part, REVERSED in part, and REMANDED.**

Appellant's motions to take judicial notice (Dkts. 51 and 52) and to supplement the record on appeal (Dkt. 73) are **GRANTED.**

*Murphy-Richardson v. Attorney General for the State of Arizona*, No. 22-15001

COLLINS, Circuit Judge, dissenting:

Our court granted a certificate of appealability ("COA") to address the following issue in this case: "whether the district court erred in dismissing appellant's habeas petition with prejudice as procedurally defaulted, when appellant's counseled, state post-conviction proceedings alleging ineffective assistance of counsel remained pending." Because I would answer this question in the negative, I respectfully dissent.

**I**

In December 2018, Murphy-Richardson pleaded guilty to three counts of sexual assault, and two months later he was sentenced to 21 years in prison. Murphy-Richardson filed a petition for post-conviction relief in Arizona state court on July 3, 2019. The petition contended, *inter alia*, that his plea was involuntary and lacked a factual basis, that the trial judge was biased, and that the prosecution had committed misconduct. Under Rule 33.10(a) of the Arizona Rules of Criminal Procedure, the "presiding judge" of the court "must, if possible, assign a proceeding for post-conviction relief to the sentencing judge." Murphy-Richardson's petition was assigned on May 7, 2020 to his prior sentencing judge for decision. While that petition was still pending, Murphy-Richardson filed a pro se successive petition on June 8, 2020. This second petition contained an entirely

conclusory assertion that counsel had been ineffective. On July 29, 2020, the state trial court denied Murphy-Richardson's first petition in a written order. That order noted the pendency of Murphy-Richardson's "second" petition, but the court stated that it would rule only on "the July 3, 2019 Petition" and that it would "defer to the Post Conviction Relief Division to manage the initial processing of the June 8, 2020 petition." Murphy-Richardson did not appeal the denial of his first state petition.

On October 19, 2020, the superior court issued an order construing the second petition as a preliminary "notice" requesting post-conviction relief under Arizona Rule of Criminal Procedure 33.4, and the court directed the filing of a formal petition by December 18 and set a briefing schedule. Murphy-Richardson filed that petition on November 3, 2020. The petition briefly asserted that both of Murphy-Richardson's appointed attorneys had been ineffective. On December 4, 2020, the state court granted Murphy-Richardson's request for appointment of counsel and also granted leave to file an amended petition. A counseled petition was filed on February 22, 2021. The counsel-prepared memorandum in support of the petition only discussed the alleged ineffectiveness of Murphy-Richardson's second attorney, but the pro se "affidavit" attached to that petition continued to attack the effectiveness of his original counsel as well. In its response, the State argued, *inter alia*, that, under Rule 33.2(a)(3), Murphy-Richardson's failure to

2

previously raise his new claims precluded them from being considered on their merits.

The parties have presented us with a variety of subsequent orders from the Arizona state courts concerning various post-conviction papers filed by Murphy-Richardson in his 2018 sexual-assault-conviction case as well as in two prior 2016 criminal cases. On March 7, 2023, a consolidated order was entered that listed all three case numbers and assigned "this Rule 33 proceeding" to Murphy-Richardson's sentencing judge for decision. The parties agree that this order assigned Murphy-Richardson's counseled second petition to his sentencing judge for decision. On June 1, 2023, that judge issued an order captioned "Rule 33 Proceedings Dismissed." It is not entirely clear from that order whether it disposes of Murphy-Richardson's counseled second petition. It lists no less than 12 pending documents filed by Murphy-Richardson that the judge deemed to be petitions for post-conviction relief, but the counseled second petition is not itself on that list. Moreover, the order states that the papers before it represent Murphy-Richardson's "*third* Rule 33 proceeding" in his 2018 case (emphasis added). However, the order also states at the end that the court "den[ies] all other requests for relief." Murphy-Richardson has appealed this order, and the appeal remains pending.

Murphy-Richardson filed a federal habeas petition on May 28, 2021. In December 2021, the district court ultimately dismissed Murphy-Richardson's

3

subsequent amended petition on the ground, *inter alia*, that all of the claims asserted had not been properly presented to the Arizona state courts and were therefore subject to an "implied procedural bar."

## II

The majority holds that we are required to dismiss Murphy-Richardson's ineffective assistance claim against his second attorney, because that claim was raised in Murphy-Richardson's second state post-conviction petition, which is still pending in state court. *See* Mem. Dispo. at 2–3. That is wrong.

## A

It is well established that the "procedural default rule barring consideration of a federal claim applies if it is clear that the state court *would* hold the claim procedurally barred." *Hurles v. Ryan*, 752 F.3d 768, 779 (9th Cir. 2014) (emphasis added) (simplified). And when such an implied procedural bar is applicable, the defaulted claim is technically exhausted, because "no state remedies" remain available. *Id*. at 780 (citation omitted); *see also Shinn v. Martinez Ramirez*, 596 U.S. 366, 378 (2022) ("If a state court would dismiss these claims for their procedural failures, such claims are technically exhausted because, in the habeas context, state-court remedies are exhausted when they are no longer available, regardless of the reason for their unavailability." (simplified)). Here, as the district court correctly concluded, Murphy-Richardson's ineffective assistance of counsel

4

claims are all plainly subject to adequate and independent procedural bars under Arizona law, because these claims were not raised in Murphy-Richardson's first state post-conviction petition. *See* ARIZ. R. CRIM. P. 33.2(a)(3) (stating that a defendant is generally precluded from obtaining post-conviction relief "based on any ground[] waived in any previous post-conviction proceeding"). Those claims are therefore procedurally defaulted and exhausted.

Murphy-Richardson's arguments for declining to find an implied procedural default are all meritless. First, he contends that, when his pro se first petition is given the required liberal construction, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), it can and should be read as raising an ineffective assistance of counsel claim. But no amount of liberal construction can overcome the fact that there is nothing resembling his current ineffective assistance of counsel claim in Murphy-Richardson's first petition.[1] Moreover, as Murphy-Richardson recognizes in his brief, the state court itself, in denying that petition, construed it more narrowly in a

---

[1] The only even conceivable reference to ineffective assistance consists of the first state petition's unexplained and passing statement that Murphy-Richardson "expressed interest to counsel in appealing [his guilty plea]; *Roe v. Flores-Ortega* 528 U.S. [470 (2000)]." *Roe* addressed "the proper framework for evaluating an ineffective assistance of counsel claim, based on counsel's failure to file a *notice of appeal* without [the defendant's] consent." 528 U.S. at 473 (emphasis added). Murphy-Richardson's federal petition does not raise any such claim concerning a failure to file a notice of appeal. In any event, Murphy-Richardson's failure to appeal the denial of his first state petition results in a procedural default of all of the claims resolved in that petition. *See Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999).

way that does not embrace such a claim.

Second, Murphy-Richardson suggests that his counseled second petition is not successive at all but is rather an authorized *supplement* to his 2019 petition. This argument is belied by the record. The state court treated the petitions as two distinct petitions, not as an initial petition followed by an amendment or supplement. In particular, as noted earlier, the state court's order denying Murphy-Richardson's first pro se petition explicitly deferred to the court's post-conviction division to "manage the initial processing" of Murphy-Richardson's "second" petition.

Because Murphy-Richardson's ineffective assistance claims are procedurally defaulted, and Murphy-Richardson has not contended that he can show cause and prejudice to excuse that default, the district court correctly dismissed these claims. *See Shinn*, 596 U.S. at 378–79.

**B**

The majority effectively holds that, merely because Murphy-Richardson has actually *filed* a successive state petition that is manifestly subject to state-law procedural bars, we are required to dismiss the relevant federal claim and may not apply our well-settled doctrine of implied procedural default. The majority cites no authority that supports that proposition, and I have not found any either.

Moreover, the majority's view makes no sense. The whole premise of the doctrine of implied procedural default is that there is no point in waiting for a state court to reject what would obviously be a defaulted petition. *See Harris v. Reed*, 489 U.S. 255, 263 n.9 (1989) (stating that exhaustion requirements do not apply "if it is clear that the state court *would* hold the claim procedurally barred" (emphasis added)); *see also Robinson v. Schriro*, 595 F.3d 1086, 1100 (9th Cir. 2010) ("An implied procedural bar . . . occurs when the petitioner has failed to fairly present his claims to the highest state court and would now be barred by a state procedural rule from doing so."). That rationale remains applicable even if the petitioner has actually filed such a defaulted state petition and the state court has, for whatever reason, not yet ruled on it. And even assuming that the doctrine of implied procedural bar might not apply if there were some affirmative basis for concluding that the state court might *decline* to apply the procedural bar, there is no such basis in the record here. As I have explained, all of Murphy-Richardson's arguments for avoiding the state procedural bar are contradicted by the state court record and plainly meritless. To the extent that the second state petition nonetheless may remain technically pending in this case (either in the state trial court or the state appellate court), that does not provide any basis for thinking that the petition will escape the obviously applicable procedural default. On this record, it appears at most that, in the blizzard of confusing and duplicative paper filed by Murphy-

7

Richardson in the Arizona state trial court, that court may have overlooked specifically mentioning that additional pending petition.

## III

For the foregoing reasons, I would answer the question in the COA in the negative, and I would affirm. I see no basis for construing the existing COA more broadly as embracing all of the claims contained in Murphy-Richardson's federal habeas petition, and I also perceive no basis for expanding that COA. *Cf.* NINTH CIR. R. 22-1(e). But to the extent that the majority effectively does so, those additional claims are also plainly subject to procedural default (either because Murphy-Richardson did not present them in his first state post-conviction petition or because he did not appeal the denial of that petition), and the district court properly dismissed them as well.

I respectfully dissent.