962 P.2d 205
**Gilbert Arvizo MORENO,
Petitioner–Appellant.**

**v.**

**Dave GONZALEZ, Deputy Warden;
Grant Woods, Attorney General,
Respondents–Appellees.**

**Doub BINFORD, Petitioner–Appellant,**

**v.**

**William RHODE; Grant Woods, Attorney
General, Respondents–Appellees.**

**Nos. CV–97–0268–CQ, CV–97–0271–CQ.**

Supreme Court of Arizona,
En Banc.

July 17, 1998.

Fredric F. Kay, Federal Public Defender, Tuscon, by Julie S. Hall, Denise I. Young, Assistant Federal Public Defenders, Phoenix, for Gilbert Arvizo Moreno and Doub Binford.

Grant Woods, Attorney General, by Paul J. McMurdie, Chief Counsel, Criminal Appeals Section and R. Wayne Ford, Susanna C. Pineda, Assistant Attorneys General, Phoenix, for Dave Gonzalez, Grant Woods and William Rhode.

## OPINION

MARTONE, Justice.

¶ 1 These are certified questions from two panels of the United States Court of Appeals for the Ninth Circuit in which the primary inquiry is whether petitions for review or petitions for post-conviction relief are appeals within the meaning of Rule 32.1(f), Ariz. R.Crim. P. We hold that they are not.

### I. Certification Orders

#### A. *Moreno v. Gonzalez*

¶ 2 Moreno's federal habeas corpus petition is now before the Ninth Circuit. That court needs to know whether Moreno is barred from presenting his claims to the state courts at this time.

¶ 3 The order of certification stated these facts. The Arizona Court of Appeals affirmed Moreno's conviction and sentence. Moreno did not file a petition for review of that decision in this court. Nor did he file a petition for post-conviction relief in the superior court. He did file a habeas petition in this court which we denied. Based upon these procedural facts, the Ninth Circuit certified the following two questions:

(1) May Moreno raise his claims pursuant to Rule 32.1(f) by alleging that his failure to file a timely petition for review or a Rule 32 petition was without fault on his part?

(2) Does any mandatory rule of state law bar Moreno from raising his claims at this date?

#### B. *Binford v. Rhode*

¶ 4 Binford's federal habeas corpus petition is before a separate panel of the Ninth Circuit. That court wants to know if Binford can still present two of his claims to the state courts.

¶ 5 The order of certification stated these relevant facts. Binford's judgment of conviction pursuant to a plea agreement was af-

firmed on direct appeal to the Arizona Court of Appeals. Binford did not file a petition for review of that decision in this court. He did file a petition for post-conviction relief in the trial court under Rule 32, Ariz. R.Crim. P. The trial court resentenced Binford but denied relief on the two claims at issue here. While the Arizona Court of Appeals affirmed Binford's resentencing, Binford did not file a petition for review in the court of appeals from the denial of his other two claims by the trial court (the ineffective assistance and unintelligent plea claims). Binford's petition for review to this court from the affirmance by the court of appeals of his resentencing was denied.

¶ 6 Based upon these stated facts, the Ninth Circuit certified the following two questions:

(1) May Binford raise his ineffective assistance of trial counsel and unintelligent plea claims by alleging, pursuant to Rule 32.1(f), that the failure to file a timely petition for review was without fault on his part?

(2) Does any mandatory rule of state law bar Binford from raising his ineffective assistance of trial counsel and unintelligent plea claims at this date?

¶ 7 We accepted jurisdiction of the two certified questions in Moreno and the two certified questions in Binford, consolidated them for all purposes, solicited supplemental briefs, and heard oral argument.

## II. Resolution

### A. Questions One

¶ 8 Under both certification orders, we are to assume that but for the possible applicability of Rule 32.1(f), Ariz. R.Crim. P., Moreno's and Binford's claims are either precluded under Rule 32.2, or are untimely under Rule 32.4. Under Rule 32.2(b), the preclusion provisions of Rule 32.2(a) do not apply to a claim based on Rule 32.1(f). And, under Rule 32.4(a), an untimely notice may be based on Rule 32.1(f).

¶ 9 Under Rule 32.1(f), a petition for post-conviction relief is available where:

The defendant's failure to appeal from the judgment, sentence, or both within the prescribed time was without fault on the defendant's part.

¶ 10 Question number one in Moreno asks whether a petition for review to this court or a petition for post-conviction relief in the trial court are "appeals" within the meaning of this rule. Question number one in Binford asks whether a petition for review to the Arizona Court of Appeals from a denial of a petition for post-conviction relief in the trial court is an "appeal" within the meaning of this rule.

¶ 11 We focus on the text and the structure of our rules taken as a whole. The words of Rule 32.1(f) are "appeal from the judgment, sentence, or both within the prescribed time." Rule 31, Ariz. R.Crim. P., governs the procedure for appeals from the superior court. Rule 31.1, Ariz. R.Crim. P. A judgment under Rule 26.1(a), Ariz. R.Crim. P., means an adjudication of guilty or not guilty based upon a verdict, plea, or finding. Under Rule 26.1(b), a sentence is the pronouncement of the penalty imposed upon the defendant after a judgment of guilty. Rule 31.3, Ariz. R.Crim. P., fixes the time for taking an appeal. "The prescribed time" as used in Rule 32.1(f) means the time prescribed by Rule 31.3. This is confirmed by the cross-reference to Rule 32.1(f) in Rule 31.3(b),("[a] notice of delayed appeal shall be filed within 20 days after service of an order granting a delayed appeal under Rule 32.1(f).").

¶ 12 In contrast, a petition for review to this court from a decision of the court of appeals is defined by Rule 31.19, Ariz. R.Crim. P. It is discretionary, not an appeal. Nor is it from a judgment or sentence. It is a petition from the decision of the court of appeals. Unlike Rule 31.3(b), it does not cross-reference Rule 32.1(f). The text and structure of our rules support the conclusion that "appeal" as used in Rule 32.1(f) means appeal of right under Rule 31.

¶ 13 That we meant direct appellate review under Rule 31 when we used the word "appeal" in Rule 32.1(f) is also supported by our prior cases which squarely define the nature and scope of discretionary review by petition for review in this court. *See State v. Sandon*, 161 Ariz. 157, 777 P.2d 220 (1989);

*State v. Shattuck,* 140 Ariz. 582, 684 P.2d 154 (1984). Once a defendant has exercised his right to direct appeal, further review in this court should "not be sought as a matter of course." Rule 31.19, Ariz. R.Crim. P., 17 A.R.S., cmt. to 1983 amendment. The petition for review here is the state analog to the petition for certiorari in the United States Supreme Court. Thus, notwithstanding the decisions in *Harmon v. Ryan,* 959 F.2d 1457 (9th Cir.1992) and *Jennison v. Goldsmith,* 940 F.2d 1308 (9th Cir.1991), we would not have encouraged discretionary filings by including a petition for review within Rule 32.1(f).

¶ 14  So, too, a petition for review to the court of appeals from the decision of the trial court on a petition for post-conviction relief is determined by Rule 32.9(c), Ariz. R.Crim. P. It also is not an appeal but is discretionary. Rule 32.9(f); *State v. Smith,* 184 Ariz. 456, 459, 910 P.2d 1, 4 (1996). And, it is not from a judgment or sentence, but from the final decision of the trial court on the petition for post-conviction relief. Rule 32.9(c). In contrast to Rule 31.3(b), Rule 32.9(c) does not cross-reference Rule 32.1(f).

¶ 15  Similarly, a petition for post-conviction relief under Rule 32 is not a direct appeal from a judgment under Rule 31. A Rule 32 petition is a collateral attack on a judgment. It is post-conviction relief "other" than an appeal. Rule 32, Ariz. R.Crim. P.

¶ 16  The certification orders acknowledged our use of the word "appeal" but noted that Rule 32 refers to "defendant" rather than "petitioner." While we may not fully understand this distinction, we note that under Rule 32.3, Ariz. R.Crim. P., a petition for post-conviction relief under Rule 32 "is part of the original criminal action and not a separate action." It is thus quite natural to refer to the convicted person as the defendant under these circumstances.

¶ 17  The certifying courts also noted that Rule 32.2(b) alludes to the possibility that a

Rule 32.1(f) claim could be raised in a successive or untimely petition. While we may not fully understand the import of this observation, we do not see how allowing Rule 32.1(f) claims to be exceptions to the usual rules of preclusion and timeliness bears on the question of whether the word "appeal" means "appeal."

¶ 18  We hold that a petition for review to this court from a decision of the court of appeals, or a petition for review to the court of appeals from the decision of the trial court on a petition for post-conviction relief are not "appeals" within the meaning of Rule 32.1(f), Ariz. R.Crim. P. We also hold that a Rule 32 petition for post-conviction relief in the trial court is not an "appeal" within the meaning of Rule 32.1(f), Ariz. R.Crim. P.[1] "Appeal" as used in Rule 32.1(f) means appeal under Rule 31.

¶ 19  Applying our holding to these facts, we answer question number one in *Moreno* as follows. Moreno may not raise his claim pursuant to Rule 32.1(f) because neither a petition for review to this court from the decision of the court of appeals nor a Rule 32 petition are appeals within the meaning of Rule 32.1(f).

¶ 20  We answer question number one in *Binford* as follows. Binford may not raise his ineffective assistance of trial counsel and unintelligent plea claims under Rule 32.1(f) because a petition for review to the court of appeals from the denial of a petition for post-conviction relief in the trial court is not an appeal within the meaning of Rule 32.1(f). Although he was a pleading defendant, he was so at a time when he had a right to direct appeal, and he exercised that right. And he further exercised his right to file a petition for post-conviction relief.

**B.  Questions Two**

¶ 21  Question one in each of the certification orders is specific enough for us to an-

---

**1.**  Both Moreno and Binford had direct appeals to the Arizona Court of Appeals. Thus, neither were pleading defendants at a time when our rules were amended to replace the direct appeal with a petition for post-conviction relief for such pleading defendants. We have said that a petition for post-conviction relief for such pleading

defendants is "analogous to a direct appeal for a pleading defendant." *State v. Smith,* 184 Ariz. 456, 458, 910 P.2d 1, 3 (1996). Because it is not presented by these cases, we do not decide whether the use of the word "appeal" in Rule 32.1(f) is broad enough to include that unique analogous right.

swer based upon the facts certified. But question two in each of the certification orders is unlimited in nature. They ask whether *any* mandatory rule of state law bars Moreno's and Binford's claims. We are left to generalize without particular focus. We thus cannot answer these questions categorically, but in an effort to assist the court, share the following observations.

¶ 22 The certification orders in both cases allude to the fact that Rule 32 was amended effective September 30, 1992. Because Rule 32.4(a) requires that in noncapital cases the notice of post-conviction relief be filed within 90 days of the entry of judgment and sentence or within 30 days of the order and mandate affirming the judgment and sentence on direct appeal, whichever is later, the unstated assumption in questions one was that unless Rule 32.1(f) applied, (and we have held that it does not), petitions for post-conviction relief in the trial court would be untimely. Our order promulgating the 1992 amendments made them "applicable to all post-conviction relief petitions filed on and after September 30, 1992, except that the time limits of 90 and 30 days imposed by Rule 32.4 shall be inapplicable to a defendant sentenced prior to September 30, 1992, who is filing his first petition for post-conviction relief." 171 Ariz. XLIV (1992). Although Binford was sentenced before September 30, 1992, he filed a petition for post-conviction relief (and indeed his failure to petition for review from that was the subject of his question one) and thus he could not now file a first petition for post-conviction relief.

¶ 23 In contrast, the certified order in *Moreno* does not tell us when he was sentenced, but it does tell us that he "never filed a post-conviction petition." Order of June 23, 1997, at 7108. If Moreno was sentenced before September 30, 1992, and has never filed a petition for post-conviction relief in the superior court, then it may well be that a first petition for post-conviction relief filed even at this late date would not be untimely, despite the unavailability of the exception afforded by Rule 32.1(f). Of course, his claims may nevertheless be precluded under Rule 32.2(a), even if not untimely. These issues are simply not before us.

### III.

¶ 24 Having answered questions one of each certification order and having been unable to answer the more general questions two, the clerk shall send our written opinion to each of the certifying courts and the parties pursuant to A.R.S. § 12–1867.

ZLAKET, C.J., and JONES, Vice C.J., FELDMAN, J., and TOCI, Court of Appeals Judge, concur.

JAMES MOELLER, J. (retired) did not participate in the determination of this matter. Pursuant to art. 6, § 3 of the Arizona Constitution, PHILIP E. TOCI, Chief Judge Court of Appeals, Division One, is designated to sit in his stead.