Gary Ray **CROWELL**, Petitioner—Appellant,

v.

**ARIZONA ATTORNEY GENERAL**, Respondent—Appellee.

No. 01–15885.

D.C. No. CV–97–00913–ROS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 14, 2002.

Decided Feb. 21, 2002.

Before THOMPSON, W. FLETCHER and BERZON, Circuit Judges.

MEMORANDUM *

The parties agreed at oral argument that Crowell's claim is unexhausted rather than procedurally-barred. Because Crowell was sentenced in 1988, and has not yet filed a petition for state post-conviction relief, Ariz. R.Crim. P. 32.4's time limit does not yet apply to him. *See* 171 Ariz. XLIV (1992) (order of the Arizona Supreme Court amending Rule 32.4 to provide that the Rule's time limits "shall be inapplicable to a defendant sentenced prior to September 30, 1992 who is filing his first petition for post-conviction relief."). *See also Moreno v. Gonzalez*, 192 Ariz. 131, 962 P.2d 205, 209 (Ariz.1998). Thus, Crowell is not barred from seeking an evidentiary hearing on his ineffective assistance of counsel (IAC) claim in Arizona state court as required by *State v. Carver*, 160 Ariz. 167, 771 P.2d 1382, 1390 (Ariz. 1989). We therefore reverse the district court's dismissal of Crowell's claim as procedurally-barred.

Because Crowell's IAC claim is unexhausted, and assuming that Crowell does not wish to delete this unexhausted claim, the petition may not be decided by the federal district court on remand at this time. *See* 28 U.S.C. § 2254(b)(1); *Rose v. Lundy*, 455 U.S. 509, 522, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). If the district court dismisses Crowell's petition in order to allow him to exhaust in state court, any new federal petition (filed after state-court exhaustion) will be untimely under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See* 28 U.S.C. § 2244(d).

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

AEDPA's statute of limitations has been running ever since Crowell filed his petition in the federal district court in April 1997; if the district court were to dismiss Crowell's petition, the statute of limitations would expire and any future filings would be time-barred. *See Duncan v. Walker,* 533 U.S. 167, 121 S.Ct. 2120, 2129, 150 L.Ed.2d 251 (2001) (AEDPA's statute of limitations is not tolled during the pendency of a federal habeas petition).

The state agreed at oral argument that upon this court's remand of Crowell's petition to the district court, the state would enter a joint stipulation requesting that, rather than dismissing Crowell's petition, the district court stay the petition and hold it in abeyance. We approved this "stay-and-abeyance" procedure in *Calderon v. District Court (Taylor )*, 134 F.3d 981, 989 (9th Cir.1998), and encourage its use here. *See also, e.g., James v. Pliler,* 269 F.3d 1124, 1127 (9th Cir.2001) (suggesting that district court on remand might grant stay-and-abeyance); *Calderon v. U.S. Dist. Court (Thomas )*, 144 F.3d 618, 620 (9th Cir.1998) (stating that the stay-and-abeyance procedure approved in *Taylor* "is entirely consistent with established law.").

REVERSED AND REMANDED.