NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

MICHAEL STEVEN WALKER, *Petitioner.*

No. 1 CA-CR 13-0223 PRPC
FILED 09-04-2014

Petition for Review from the Superior Court in Maricopa County
No. CR1992-000157
The Honorable M. Scott McCoy, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Michael Steven Walker, Florence
*Petitioner*

------------------------------

**MEMORANDUM DECISION**

Presiding Judge Andrew W. Gould, Judge Peter B. Swann and Judge Jon W. Thompson delivered the decision of the court.

------------------------------

**PER CURIAM:**

¶1        Petitioner Michael Steven Walker petitions this court for review from the dismissal of his petition for post-conviction relief. We have considered the petition for review and, for the reasons stated, grant review and deny relief.

¶2        A jury convicted Walker of kidnapping and the trial court sentenced him to a mitigated term of twelve years' imprisonment. Division Two of this court affirmed his conviction and sentence as modified on direct appeal. *State v. Walker*, 2 CA-CR 92-0190 (Ariz. App. May 27, 1993). Walker now seeks review of the summary dismissal of the notice of his latest successive petition for post-conviction relief. We have jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c).

¶3        Walker argues the trial court erred when it summarily dismissed his notice of post-conviction relief rather than wait for him to file his actual petition. He does not, however, identify any issues which entitle him to relief. Below, Walker argued the trial court erred when it allowed the use of a knife as demonstrative evidence even though it was not the actual knife Walker used to kidnap and threaten to kill the victim; there was insufficient evidence to support his conviction; his trial counsel was ineffective when counsel failed to object to the use of the knife as demonstrative evidence; and his appellate counsel was ineffective when counsel failed to raise any issue regarding the use of the knife as demonstrative evidence.

¶4        We deny relief. On direct appeal, Division 2 of this court addressed both the sufficiency of the evidence to support Walker's conviction and the use of the knife as demonstrative evidence. The court found no error. In his third post-conviction relief proceeding, Walker argued his trial counsel was ineffective when he failed to object to the use of the knife as demonstrative evidence. Any claim a defendant raised or could have raised on direct appeal or in an earlier post-conviction relief proceeding is precluded. Ariz. R. Crim. P. 32.2(a). None of the exceptions

under Rule 32.2(b) apply. Walker's lack of understanding of the applicable law is not sufficient to require the trial court to consider issues he has or could have presented on direct appeal or in a prior post-conviction relief proceeding, and Walker offers no other explanation for why he has presented these claims in an untimely, successive post-conviction relief proceeding. Under these circumstances, the trial court did not abuse its discretion when it summarily dismissed the notice of post-conviction relief pursuant to Arizona Rule of Criminal Procedure 32.2(b).

**¶5** Walker argues he can raise these issues at any time because the time limits of Rule 32.4 do not apply to any defendant sentenced before September 30, 1992 and the trial court sentenced him in July 1992. Our supreme court has held the 1992 amendments to Rule 32 are "applicable to all post-conviction relief petitions filed on and after September 30, 1992, except that the time limits of 90 and 30 days imposed by Rule 32.4 shall be inapplicable to a defendant sentenced prior to September 30, 1992 *who is filing his first petition for post-conviction relief.*" *Moreno v. Gonzalez*, 192 Ariz. 131, 135, ¶ 22, 962 P.2d 205, 209 (1998) (quoting Supreme Court Order, 171 Ariz. XLIV (1992) (emphasis added)). Because this is not Walker's first petition for post-conviction relief, the time limits of Rule 32.4 apply to him.

**¶6** We grant review and deny relief.



Ruth A. Willingham · Clerk of the Court
FILED: gsh

3