NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Respondent*,

*v.*

RICHARD J. WASHINGTON, *Petitioner*.

No. 1 CA-CR 13-0328 PRPC
FILED 2-19-2015

---

Petition for Review from the Superior Court in Maricopa County
No. CR 1989-010859
The Honorable Jo Lynn Gentry, Judge

**REVIEW GRANTED; RELIEF DENIED**

---

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Richard J. Washington, Buckeye
*Petitioner Pro Se*

---

**MEMORANDUM DECISION**

Judge Donn Kessler delivered the decision of the Court, in which Presiding Judge Jon. W. Thompson and Judge Kent E. Cattani joined.

---

**KESSLER**, Judge:

¶1  Petitioner Richard J. Washington seeks review of the trial court's summary dismissal of his fourth post-conviction relief proceeding pursuant to Rule 32, Ariz. R. Crim. P.  We grant review, but we deny relief.

¶2  Following trial by jury in 1989, Washington was convicted of four counts of armed robbery.  The trial court determined that he had five prior felony convictions, and sentenced him as a repetitive offender to four consecutive 15.75-year prison terms.  The convictions and sentences were affirmed on direct appeal.  *State v. Washington*, 1 CA-CR 90-1471 (App. July 28, 1992) (mem. decision).

¶3  In 1994, Washington filed his first notice of post-conviction relief and his counsel filed a notice stating he had reviewed the record but had found no claims to raise.  Washington thereafter filed a *pro se* petition and supplemental petition alleging error in the grand jury proceedings and claims of juror misconduct and insufficient evidence.  The trial court summarily dismissed the proceedings based on a finding that the claims were precluded.

¶4  In 1997, Washington commenced a second post-conviction relief proceeding.  After the trial court summarily dismissed the proceedings, Washington filed a petition for review.  This Court denied review, based on a finding that Washington failed to present a colorable claim for relief.  *State v. Washington*, 1 CA-CR 98-0058-PR (App. June 23, 1999) (decision order).

¶5  In 2003, Washington commenced a third post-conviction relief proceeding, filing a petition raising a claim of ineffective assistance of counsel.  The trial court summarily dismissed the petition on the grounds that the claim was precluded.  This Court denied review.  *State v. Washington*, 1 CA-CR 03-0995 PRPC, (App. Jan. 25, 2005) (decision order).

¶6　　　　On March 21, 2013, Washington filed a "writ of coram nobis" seeking to have his convictions and sentences set aside, alleging claims of fundamental error in his trial and convictions, ineffective assistance of trial counsel, and prosecutorial misconduct. The trial court treated the filing as a petition for post-conviction relief because it attacked the validity of Washington's convictions and sentences, *see* Ariz. R. Crim. P. 32.3, and summarily denied relief, ruling that the petition was both successive and untimely and that the claims were precluded. Washington filed a timely petition for review. We review the summary dismissal of a petition for post-conviction relief for abuse of discretion. *State v. Bennett*, 213 Ariz. 562, 566, ¶ 17, 146 P.3d 63, 67 (2006).

¶7　　　　There was no error by the trial court in summarily dismissing the petition. Rule 32.4 limits the claims that may be raised in an untimely or successive petition to those made pursuant to Rule 32.1(d), (e), (f), (g), or (h). Ariz. R. Crim. P. 32.4(a). None of the three claims raised by Washington falls within these exceptions to preclusion. *See* Ariz. R. Crim. P 32.2(b). The trial court therefore properly determined that the petition was subject to summary dismissal.

¶8　　　　There is no merit to Washington's contention that the trial court erred in considering his petition under the current version of Rule 32 rather than the pre-1992 version in existence at the time of his conviction in 1989. While the current version of Rule 32 was adopted after Washington's crimes, the "order promulgating the 1992 amendments made them 'applicable to all post-conviction relief petitions filed on and after September 30, 1992, except that the time limits of 90 and 30 days imposed by Rule 32.4 shall be inapplicable to a defendant sentenced prior to September 30, 1992, who is filing his first petition for post-conviction relief.'" *Moreno v. Gonzalez*, 192 Ariz. 131, 135, ¶ 22, 962 P.2d 205, 209 (1998) [citations omitted]. As noted above, this is not Washington's first petition for post-conviction relief. Accordingly, his petition is both successive and

untimely, and he may only raise claims for relief "pursuant to Rule 32.1(d), (e), (f), (g) or (h)."  Ariz. R. Crim. P. 32.4(a).

¶9        For these reasons, although we grant the petition for review, we deny relief.



Ruth A. Willingham · Clerk of the Court
FILED: ama