NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

PHILIP LEE CARSON, *Petitioner*.

No. 1 CA-CR 15-0691 PRPC

FILED 9-21-2017

Petition for Review from the Superior Court in Maricopa County
No. CR 1990-005235
The Honorable Warren J. Granville, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Philip Lee Carson, Florence
*Petitioner*

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Peter B. Swann joined.

**C R U Z**, Judge:

¶1        Philip Lee Carson petitions for review from the dismissal of his petition for post-conviction relief, filed pursuant to Arizona Rule of Criminal Procedure ("Rule") 32.  We have considered the petition for review and, for the reasons stated, grant review and deny relief.

¶2        A jury found Carson guilty of first-degree murder, kidnapping, theft, five counts of aggravated assault, and two counts of sexual assault.  On June 12, 1992, the superior court sentenced Carson to life imprisonment for the murder offense, to be followed by concurrent prison terms for the remaining offenses.  Carson appealed, and except for correcting a clerical mistake related to the sentence for one of the sexual assault offenses, this Court affirmed in all respects.

¶3        On December 13, 1995, the superior court dismissed Carson's first Rule 32 proceeding, in which Carson raised a claim of ineffective assistance of trial counsel, and he argued in part that, although the trial evidence was sufficient to sustain a manslaughter conviction, it was not sufficient to sustain his conviction for first-degree murder.  After his parole hearing in 2015, Carson filed an untimely and successive notice for post-conviction relief, arguing newly discovered evidence obtained at the parole hearing likely would have affected his first-degree murder conviction and resulting life sentence.  Specifically, Carson claimed he learned for the first time at the parole hearing that the murder victim had a "known reputation" for having two guns in the truck he was driving immediately before he exited the vehicle and was confronted and shot by Carson.  According to Carson, this evidence of the victim's guns would have supported his self-defense argument at trial.  Carson also argued the State violated his due process rights and its obligations under *Brady*[1] to disclose before trial evidence of the victim's reputation regarding the guns.  Finally, Carson alleged that witnesses at the parole hearing provided testimony that differed from their testimony at trial, resulting in his conviction and denial of parole.

¶4        The superior court summarily dismissed the notice.  In doing so, the court correctly rejected Carson's assertion that the successive notice

---

[1]       *Brady v. Maryland*, 373 U.S. 83, 87 (1963) ("We now hold that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.").

was timely based on his pre-September 30, 1992, sentencing. *See Moreno v. Gonzalez*, 192 Ariz. 131, 135, ¶ 22, 962 P.2d 205, 209 (1998) (noting the Arizona Supreme Court ordered that the 1992 amendments to Rule 32 were "applicable to all post-conviction relief petitions filed on and after September 30, 1992, except that the time limits of 90 and 30 days imposed by Rule 32.4 shall be inapplicable to a defendant sentenced prior to September 30, 1992, who is filing his first petition for post-conviction relief.") (quoting Supreme Court Order, 171 Ariz. XLIV (1992)). The court also correctly found Carson failed to explain how evidence of the victim's guns was newly discovered because Carson did not explain how the evidence could not have been produced at trial with reasonable diligence. *See State v. Turner*, 92 Ariz. 214, 221, 375 P.2d 567, 571 (1962) (stating that when moving for a new trial on the ground of newly discovered evidence, the accused "must show by affidavit or testimony in court, that due diligence was used to ascertain and produce the evidence in time for use at his trial" and "account for his failure to produce the evidence by stating explicitly the details of his efforts to ascertain and procure it"). The court additionally, and correctly, determined Carson failed to establish the materiality of the evidence, a prerequisite to establish both a colorable claim of newly discovered evidence and a *Brady* violation. Ariz. R. Crim. P. 32.1(e) (stating newly discovered facts must be material); *State v. Bilke*, 162 Ariz. 51, 52-53, 781 P.2d 28, 29-30 (1989) (providing the requirements for a colorable claim in a newly discovered evidence case); *Brady*, 373 U.S. at 87 (holding "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment"). Finally, the court correctly dismissed Carson's concern about the variance in witness testimony, finding the alleged discrepancies would not have materially affected the trial's outcome.

¶5        On review, Carson appears to challenge the superior court's findings that Carson failed to establish the materiality of the "newly discovered evidence" and of the discrepancies regarding witnesses' trial testimony and testimony twenty-three years later at the parole hearing. Carson speculates that, had the jury considered the evidence of the murder victim's guns, it would have convicted him not of first-degree murder, but a lesser-included offense.

¶6        The superior court dismissed the notice of post-conviction relief in an order that clearly identified and correctly ruled upon the issues raised. Further, the court did so in a thorough, well-reasoned manner that will allow any future court to understand the court's rulings. Under these circumstances, "No useful purpose would be served by this court rehashing

the trial court's correct ruling in a written decision." *State v. Whipple*, 177 Ariz. 272, 274, 866 P.2d 1358, 1360 (App. 1993). Therefore, we adopt the superior court's ruling.

¶7 To the extent Carson raises arguments for the first time in his petition for review (i.e., that he should have been tried by a judge, not a jury), we do not address them. A petition for review may not present issues not first presented to the superior court. Ariz. R. Crim. P. 32.9(c)(1)(ii) (requiring that a petition for post-conviction relief contain "issues which were decided by the trial court and which the defendant wishes to present to the appellate court for review"); *State v. Ramirez*, 126 Ariz. 464, 467, 616 P.2d 924, 927 (App. 1980); *see State v. Swoopes*, 216 Ariz. 390, 403, ¶¶ 40-41, 166 P.3d 945, 958 (App. 2007) (holding there is no review for fundamental error in a post-conviction relief proceeding).

¶8 For the foregoing reasons, we grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED: AA

4