NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

KEITH MICHAEL HAIRSTON, *Petitioner*.

No. 1 CA-CR 15-0718 PRPC
FILED 10-26-2017

Petition for Review from the Superior Court in Maricopa County
No. CR 0000-161528
The Honorable Margaret R. Mahoney, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Keith Michael Hairston, Florence
*Petitioner*

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which
Presiding Judge Peter B. Swann and Judge Kenton D. Jones joined.

**C R U Z**, Judge:

¶1          Keith Michael Hairston petitions this Court for review of the superior court's order denying relief in this post-conviction proceeding. "We will not disturb a trial court's ruling on a petition for post-conviction relief absent a clear abuse of discretion." *State v. Swoopes*, 216 Ariz. 390, 393, ¶ 4 (App. 2007).   Because Hairston has not sustained his burden of establishing such abuse here, we grant review but deny relief.

¶2          A jury found Hairston guilty on fourteen counts of armed robbery.  Hairston admitted six prior felony convictions, and the superior court found the State had proved its allegation that Hairston committed the crimes while on probation for a federal felony offense.  The court sentenced Hairston to nine consecutive life sentences on the individual incidents, to concurrent life sentences on the counts arising from the same incident, and awarded presentence incarceration credit on all sentences.  This Court affirmed the convictions and sentences on direct appeal.  *State v. Hairston*, 1 CA-CR 89-0959 (Ariz. App. Dec. 19, 1989) (mem. decision).

¶3          Ten years later, Hairston filed his first petition for post-conviction relief ("PCR").[1]  He successfully argued his sentences had been illegally enhanced because his federal felony would not be a felony if committed in Arizona.   The superior court resentenced Hairston to consecutive eighteen-year terms of imprisonment on the individual incidents, and to concurrent eighteen-year terms of imprisonment on the counts arising from the same incident.   It awarded presentence incarceration credit for 4635 days on the first count.

¶4          Hairston then timely commenced PCR proceedings.  Hairston argued he was entitled to presentence incarceration credit on all sentences. The superior court found the claim was precluded because it could have been raised on direct appeal, and found that even if not precluded, Hairston was not entitled to "double credit for presentence incarceration in consecutive sentences," citing *State v. McClure*, 189 Ariz. 55, 57 (App. 1997).

¶5          Hairston then moved for a rehearing.  Hairston argued that at the first sentencing, he had been awarded presentence incarceration credit

---

[1]     This post-conviction relief proceeding was timely because the current time limits of ninety and thirty days imposed by Arizona Rule of Criminal Procedure ("Rule") 32.4 are not applicable to a defendant "sentenced prior to September 30, 1992, who is filing his first petition for post-conviction relief." *Moreno v. Gonzalez*, 192 Ariz. 131, 135, ¶ 22 (1998).

on all sentences imposed. Even though this credit resulted in illegally-lenient sentences, the State did not challenge the credit and the sentences were affirmed on direct appeal. He argued jeopardy had attached to the original sentences, and therefore the failure to award that same presentence incarceration credit on the new sentences violated double jeopardy. Hairston conceded he should have filed a notice of appeal and raised this issue on appeal, but he argued preclusion should not apply because PCR counsel had failed to recognize the issue, and had failed to explain "that it is an issue that must be raised on appeal."

¶6            The superior court granted the motion for rehearing, vacated its earlier order that had dismissed the PCR, and permitted Hairston to "file an amended Rule 32 petition on the issues of presentence incarceration credits in consecutive sentences and ineffective assistance of counsel at the resentencing." Hairston then filed a supplemental petition and reasserted the presentence incarceration credit claim. He also argued PCR counsel had been ineffective for failing to raise the issue at resentencing or to advise him of the issue and of the requirement to raise the issue on direct appeal. Finally, he argued preclusion should not apply because he had attempted to file a notice of appeal.

¶7            The State responded that the presentence incarceration credit claim was without merit and therefore PCR counsel had not been ineffective. The State pointed out that double jeopardy does not apply to non-capital sentences and that the law specifically prohibited the "double credit windfall" Hairston sought. The superior court again found the issue precluded because it could have been raised on direct appeal. The court also found Hairston's claim was without merit. It further found that Hairston was not entitled to relief on the presentence incarceration credit claim because the original award of presentence credit on all counts was illegal and because double jeopardy does not apply to non-capital sentences. Finally, the court denied relief on the ineffective assistance of PCR counsel claim. Hairston sought review by this Court, but review was denied. *State v. Hairston*, 1 CA-CR 00-0950 PR (Ariz. App. July 6, 2001) (decision order).

¶8            Hairston then filed PCR proceedings in 2003 and again in 2011. Both were summarily dismissed, and Hairston did not seek review of either proceeding.

¶9            In March of 2015, Hairston filed the present PCR proceeding. He claimed he was entitled to a delayed appeal because the failure to timely appeal from his resentencing in 1999 was not his fault. He asserted his

counsel and the superior court had failed to advise him of his appellate rights, but he also claimed he had timely mailed his notice of appeal to the clerk of the superior court and attached proof of delivery dated June 4, 1999. Hairston did not set forth "the reasons for not raising the claim in the previous petition or in a timely manner" as Rule 32.2(b) requires. The superior court summarily dismissed the petition, and Hairston now seeks review.

¶10        On review Hairston argues neither his first PCR counsel nor the superior court advised him of his right to appeal, but he then argues he timely mailed his notice of appeal to the clerk of the superior court and provided proof of this mailing to the superior court.[2] In either event, the record belies Hairston's claims, and he fails to establish any abuse of discretion by the superior court.

¶11        The superior court's resentencing minute entry reflects Hairston was advised of his right to appeal. Hairston also signed a written "Notice of Rights of Review after Conviction and Procedure." His signature appears directly below the following statement: "I have received a copy of this notice explaining my right to appeal, my right to seek post-conviction relief and the procedures I must follow to exercise these rights."

¶12        That Hairston was aware of his right to appeal is established by Hairston's own claim that he timely mailed his notice of appeal to the superior court. Upon examination of this claim, however, we find that the record does not support it. A review of Hairston's proof of delivery dated June 4, 1999, and the superior court filings on June 7, 1999, reflect that Hairston did not file a notice of appeal. Rather, he filed a request for preparation of post-conviction relief record, notice of post-conviction relief, notice of rights of review after conviction, and notice of filing notice of post-conviction relief.

¶13        Even if Hairston was unaware of his right to appeal, or even if he had mailed a notice of appeal to the superior court, his claim was properly subject to summary dismissal. Waiting sixteen years to raise the claim and then failing to explain why he did not raise it in an earlier PCR proceeding is fatal. *See* Ariz. R. Crim. P. 32.2(b).

---

[2]        Hairston also raises for the first time on review a claim of ineffective assistance of counsel in relation to plea negotiations. This Court will not consider issues raised for the first time in the petition for review. Ariz. R. Crim. P. 32.9(c)(1)(ii); *State v. Bortz*, 169 Ariz. 575, 577 (App. 1991).

¶14　　　　Accordingly, we grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:　AA