NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

ALBERT LEE CAMPBELL, *Petitioner*.

No. 1 CA-CR 16-0197 PRPC
FILED 1-11-2018

Petition for Review from the Superior Court in Maricopa County
No. CR 0000-118606
The Honorable Hugh E. Hegyi, Judge

**REVIEW GRANTED AND RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Robert E. Prather
*Counsel for Respondent*

Albert Lee Campbell, Florence
*Petitioner*

**MEMORANDUM DECISION**

Presiding Judge Randall M. Howe delivered the decision of the Court, in which Judge Peter B. Swann and Judge Maria Elena Cruz joined.

**H O W E**, Judge:

¶1 Albert Lee Campbell petitions this Court for review from the dismissal of his petition for post-conviction relief, filed pursuant to Arizona Rule of Criminal Procedure 32. We have considered the petition for review and for the reasons stated, grant review but deny relief.

¶2 In 1981, Campbell was in custody awaiting sentencing on an unrelated matter (the "Burglary Case") when the State charged him with three counts of sexual assault. According to Campbell, the prosecutor assigned to the sexual assault case made an offer directly to Campbell whereby, in exchange for a guilty plea, Campbell would serve time concurrently with the prison sentence in the Burglary Case. After Campbell was assigned Tom Henze as counsel, he told Henze about the plea offer, and according to Campbell, he never saw Mr. Henze or any attorney again until the day of trial.

¶3 A jury found Campbell guilty of the sexual assaults as charged. The trial court imposed consecutive 14-year prison terms, all to run consecutively to his sentences in the Burglary Case. On direct appeal, this Court affirmed the convictions and sentences.

¶4 In 2013, Campbell commenced his first post-conviction relief proceeding.[1] Assigned counsel claimed that "[f]ailure to communicate and discuss the advantages and disadvantages of the [plea] offer rendered trial counsel ineffective[.]" The trial court held an evidentiary hearing on Campbell's claim and thereafter denied Campbell's petition. Campbell timely petitioned for review.

¶5 "A petition for post-conviction relief is addressed to the sound discretion of the trial court," *State v. Herrera*, 183 Ariz. 642, 647 (App. 1995), and this Court reviews "a trial court's factual findings for clear error," *id.* at 648. To state a colorable claim of ineffective assistance of counsel, a defendant must show that counsel's performance fell below objectively reasonable standards and that the deficient performance resulted in prejudice to the defendant. *Strickland v. Washington*, 466 U.S. 668,

---

[1] By order of the Arizona Supreme Court, the 1992 amendments to Rule 32 are "applicable to all post-conviction relief petitions filed on and after September 30, 1992, except that the time limits of 90 and 30 days imposed by Rule 32.4 shall be inapplicable to a defendant sentenced prior to September 30, 1992, who is filing his first petition for post-conviction relief." *Moreno v. Gonzalez*, 192 Ariz. 131, 135 ¶ 22 (1998).

687–88 (1984); *State v. Nash*, 143 Ariz. 392, 397–98 (1985) (adopting the *Strickland* test). A defendant's rejection of a favorable plea agreement due to trial counsel's failure to give accurate advice about the relative merits and risks of the agreement compared to going to trial is a cognizable claim of ineffective assistance of counsel under Rule 32. *State v. Donald*, 198 Ariz. 406, 413 ¶ 14 (App. 2000). "To show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance, defendants must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel." *Missouri v. Frye*, 566 U.S. 134, 147 (2012).

¶6 Campbell testified at the Rule 32 hearing, as did Don Moon, Henze's associate in 1981 who worked on Campbell's sexual assault case. Specifically, Campbell testified that he did not remember Moon being connected with his case until he had read the transcripts and the minute entries. That was supposedly the first time Campbell had heard Don Moon's name. Campbell testified that Moon had never visited him in jail. Moon, on the other hand, testified that he had met Campbell more than once at the jail to discuss the plea offer's ramifications and implications. Moon stated that Campbell maintained his innocence and refused to plead guilty. Moon testified that he nonetheless tried multiple times to persuade Campbell that he should accept the plea offer.

¶7 The court found that Moon (and Henze through Moon) had discussed with Campbell the concurrent sentencing plea offer before trial and that Moon had tried "many times" to explain why Campbell "should take [the offer.]" The court further found that: "In this case, [Campbell] flatly refused to discuss settlement. He told Mr. Moon he had not committed the crime and he would not plead guilty to a crime he had not committed." By finding that Henze's and Moon's representation of Campbell did not fall below the level of competent assistance of counsel, the court concluded that "no deficiency in counsel's performance resulted in [Campbell] rejecting the State's plea offer."

¶8 Campbell challenges the court's findings that supported its dismissal order. Specifically, Campbell "maintains he had no visitations with Moon at the county jail regarding the State's plea [offer]," and he complains that the court "failed to consider inconsistent testimony by Moon[.]" As a result, Campbell's challenges essentially dispute the trial court's fact-finding role in resolving conflicts in the evidence and making credibility determinations. However, the trial court has the duty to resolve evidentiary conflicts, and we will affirm the trial court's ruling if it is based on substantial evidence. *State v. Sasak*, 178 Ariz. 182, 186 (App. 1993).

3

Further, witness credibility determinations at evidentiary hearings rest solely with the trial court. *State v. Fritz*, 157 Ariz. 139, 141 (App. 1988). Here, the court necessarily determined that Moon was not only more credible than Campbell, but that he could better recollect the significant aspects of the pre-trial conversations they had regarding the plea offer.[2]

**¶9** On review, Campbell also appears to argue that the court erred by focusing on Moon's pre-trial conduct as opposed to Henze's conduct because Moon was a "proxy" for Henze who was "appointed counsel of record." Although Campbell cites to case law illustrating general legal principles, he presents no authority for the proposition that an attorney who works for appointed counsel may not properly assist counsel in the manner Moon did in this case. Absent such authority, we do not grant relief on this basis.

**¶10** Without citing to the record, Campbell also refers to a "counter offer" that he purportedly proposed in response to the State's plea offer. A petition for review must include citations to the record. Ariz. R. Crim. P. 32.9(c)(4)(iii). Because his petition has no such citation, we cannot consider this argument.

**¶11** Last, Campbell argues that the trial court violated the Code of Judicial Conduct Rule 2.9(C) by questioning the witnesses at the evidentiary hearing. Code of Judicial Conduct Rule 2.9(C) states that: "Except as otherwise provided by law, a judge shall not investigate facts in a matter independently, and shall consider only the evidence presented and any facts that may properly be judicially noticed." No evidence in the record supports the assertion that the evidentiary hearing judge violated this rule; thus, this argument fails. Additionally, a Rule 32 petition for

---

[2]    Moon explained that he could remember Campbell's case because

> it was a case with some pretty . . . compelling facts. And it was a case where, frankly, I thought we had a resolution to the case that would have benefitted our client tremendously, and I . . . remember it because I wasn't able to succeed in that regard.

> And also, I think, it's a case with, you know, sort of [a] professional and life lesson, so it's a case I've referred to a time or two over the years.

review is not the proper avenue to pursue a remedy for an alleged violation of the Code of Judicial Conduct.

**¶12** Based on Moon's testimony, substantial evidence supports the trial court's findings.[3] Accordingly, we grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA

---

[3] Significantly, in the pre-sentence report filed in connection with the sexual assault convictions, Campbell is quoted as telling the report's author, "Don't know anything about what happened, deny to this day, not involved. For the simple reason I was guilty because of a prejudice jury." Thus, the record, independently of the Rule 32 evidentiary hearing, supports the trial court's conclusion that counsel's pre-trial representation of Campbell did not impact Campbell's rejection of the plea offer; rather, Campbell rejected the offer by refusing to plead guilty.