NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

JESUS RODRIGUEZ JIMENEZ, *Petitioner*.

No. 1 CA-CR 24-0132 PRPC

FILED 04-17-2025

Petition for Review from the Superior Court in Maricopa County
No. CR 1987-002432
The Honorable Sam J. Myers, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Douglas Gerlach
*Counsel for Respondent*

Michael J. Dew, Attorney at Law, Phoenix
By Michael J. Dew
*Counsel for Petitioner*

## MEMORANDUM DECISION

Presiding Judge Cynthia J. Bailey delivered the decision of the Court, in which Vice Chief Judge Randall M. Howe and Judge Andrew M. Jacobs joined.

**B A I L E Y**, Judge:

**¶1**        Jesus Rodriguez Jimenez petitions for review from the superior court's order dismissing his petition requesting post-conviction relief ("PCR") filed under Arizona Rule of Criminal Procedure ("Rule") 32. We have considered the petition for review, and for the reasons stated, grant review and deny relief.

### FACTS AND PROCEDURAL HISTORY

**¶2**        In 1987, a jury convicted Jimenez of first-degree murder and kidnapping.   He was sentenced to death on the murder count and a consecutive, aggravated sentence of 22 years on the kidnapping count.

**¶3**        Because Jimenez was sentenced to death, his convictions were automatically appealed to the Arizona Supreme Court.  *See* Ariz. R. Crim. P. 31.2(b) and A.R.S. § 13-4033.  Our supreme court affirmed Jimenez's convictions, but modified his murder sentence, reducing it from death to life imprisonment without possibility of parole until Jimenez served 35 years. *State v. Jimenez*, 165 Ariz. 444, 460 (1990).

**¶4**        Years later, following the United States Supreme Court's decision in *Miller v. Alabama*, 567 U.S. 460 (2012), Jimenez filed his first timely[1] PCR petition.  Jimenez argued he was entitled to relief under Rule 32.1(g) because *Miller* constituted a significant change in the law.  Jimenez also claimed he was entitled to relief under Rule 32.1(a) because he received ineffective assistance of counsel ("IAC").  The superior court dismissed his petition, finding *Miller* did not apply.  Jimenez moved for reconsideration. The superior court held an informal conference after ordering supplemental

_____

[1] Before September 30, 1992, there was no time limit for a defendant to file their first notice of post-conviction relief. *See Moreno v. Gonzalez*, 192 Ariz. 131, 134-35, ¶¶ 21-23 (1998).  Jimenez was sentenced in 1988, so his petition is timely.

briefing from Jimenez and the State, and found Jimenez had presented a colorable claim for relief, entitling him to an evidentiary hearing. The superior court allowed Jimenez to present his *Miller* claim and his IAC claim during the evidentiary hearing.

**¶5**　　　　In March 2017, the superior court consolidated Jimenez's PCR petition with several PCR petitions from similarly situated defendants, all of whom were arguing they were entitled to relief because *Miller* constituted a substantial change in the law. Each petition was stayed pending the United States Supreme Court's decision in *Mathena v. Malvo*, 586 U.S. 1221 (2019) (dismissed by 140 S. Ct. 919 (2020)). Later, the superior court extended the stay pending the United States Supreme Court's decision in *Jones v. Mississippi*, 593 U.S. 98 (2021), and the Arizona Supreme Court's decision in the joined cases of *State v. Clay*, *State v. Kasic*, and *State v. Soto-Fong* (collectively, *State v. Soto-Fong*, 250 Ariz. 1 (2020)).

**¶6**　　　　In July 2022, Jimenez supplemented his PCR petition, and the state responded. In September 2023, the superior court heard oral argument on Jimenez's PCR claims and dismissed his petition. This petition for review followed.

## DISCUSSION

**¶7**　　　　We review the dismissal of a petition for post-conviction relief for an abuse of discretion, "which occurs if the court makes an error of law or fails to adequately investigate the facts necessary to support its decision." *State v. Bigger*, 251 Ariz. 402, 407, ¶ 6 (2021).

I.　　　Jimenez's sentences do not amount to a de facto life sentence.

**¶8**　　　　Jimenez argues his sentences violate the Eighth Amendment's prohibition against "cruel and unusual punishment" because he was a juvenile when he was convicted, and the sentences exceed his life expectancy. Our supreme court, however, has found that this type of sentence does not violate the Eighth Amendment. *See Soto-Fong*, 250 Ariz. at 3, ¶ 1 (2020). Jimenez acknowledges we are bound by our supreme court's decision in *Soto-Fong* and has raised the issue to preserve it for his eventual federal habeas corpus petition. Accordingly, he has not presented a ground for relief.

II.　　　Jimenez did not receive ineffective assistance of counsel.

**¶9**　　　　To state a colorable IAC claim, Jimenez "must show both that counsel's performance fell below objectively reasonable standards and that

this deficiency prejudiced [him]." *State v. Bennett*, 213 Ariz. 562, 567, ¶ 21 (2006) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

¶10            Jimenez claims he received ineffective assistance of trial and appellate counsel because both failed to present mitigation evidence for his kidnapping charge during sentencing and on direct appeal.  But a fair reading of the record and the sentencing transcript do not support Jimenez's argument.  At the outset of sentencing, the superior court stated that it had read and considered the presentence report.  The presentence report detailed the aggravating and mitigating circumstances applicable to the murder and kidnapping charges, and recommended Jimenez be sentenced to an aggravated prison term for the kidnapping charge.  Both parties also presented aggravation or mitigation evidence at the sentencing hearing.

¶11            But Jimenez appears to argue that his attorney had to present his mitigation evidence separately for the murder and kidnapping charges if he wanted the court to consider the evidence for both charges.  Not so.  The parties were not obligated to present their aggravating or mitigating evidence separately for the murder and kidnapping charges, and more importantly, the superior court was not limited to considering the evidence only for the murder charge.  *See State v. Gillies*, 142 Ariz. 564, 573 (1984).

¶12            Because mitigating evidence was presented for both the murder and kidnapping charges and because the superior court considered the evidence for both charges, trial counsel's performance did not fall below objectively reasonable standards.  Thus, Jimenez's IAC claim fails.

¶13            Jimenez also asserts that he received ineffective assistance from appellate counsel because he did not raise the mitigation argument for the kidnapping charge with the Arizona Supreme Court.  "The determination of what issues are appealable in view of the trial record is a matter of appellate counsel's judgment . . . ." *State v. Herrera*, 183 Ariz. 642, 647 (App. 1995) (citation omitted).  And our supreme court has "never held that counsel must raise every possible or even meritorious issue on appeal." *Id.* (citations omitted).  Here, appellate counsel raised "numerous issues in his opening brief." *Jimenez*, 164 Ariz. at 447.  Thus, appellate counsel's representation did not fall below objectively reasonable standards by failing to raise a claim related to Jimenez's kidnapping sentence.

¶14            Even assuming appellate counsel's representation did fall below objectively reasonable standards, Jimenez's claim fails for lack of prejudice.  To prove prejudice, a defendant must demonstrate there is a

"reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *State v. Miller*, 251 Ariz. 99, 104, ¶ 17 (2021) (citation omitted).

**¶15**     To prevail on his IAC claim, Jimenez must prove that had appellate counsel presented the mitigation argument to the supreme court, his kidnapping sentence would have been different. But he is unable to do so because he would first need to prove that the supreme court would have addressed the issue. Although appellate counsel raised numerous claims in his opening brief, our supreme court chose to address only two. *Jimenez*, 164 Ariz. at 447. To assume that the supreme court would have accepted review of the kidnapping issue, when it declined to address several properly raised issues, is speculative, and prejudice cannot be based on speculation. *See State v. Rosario*, 195 Ariz. 264, 268, ¶ 23 (App. 1999). Jimenez's IAC claim fails.

## CONCLUSION

**¶16**     We grant review and deny relief.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:          JR

5